## THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **WAGNER OIL COMPANY,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:19-cv-126** |
| | § | |
| **NORTH AMERICAN** | § | |
| **CAPACITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT NORTH AMERICAN CAPACITY
### INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant North American Capacity Insurance Company

("NAC"), hereby removes the action styled and numbered *Wagner Oil Co. v. North American*

*Capacity Ins. Co.*, Cause No. 096-304858-18, pending in the 96th District Court of Tarrant County,

Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332,

1441, and 1446.

### I.        THE STATE COURT ACTION

1.        On December 10, 2018, Plaintiff Wagner Oil Company ("Plaintiff") filed its

Original Petition in the 96th District Court of Tarrant County, Texas—Cause No. 096-304858-18

against NAC. Plaintiff requested a jury trial.[1]

### II.        DEFENDANT NAC'S REMOVAL IS TIMELY

2.        NAC was served with the Original Petition and citation on January 15, 2019 by

---

[1]        *See* Plaintiff's Original Petition, attached as ***Exhibit C***.

delivery through the Commissioner of Insurance.  Accordingly, NAC files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### III.    VENUE IS PROPER

3.    Venue is proper in the United States District Court for the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

### IV.    BASIS FOR REMOVAL

4.    Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and NAC, and the amount in controversy exceeds $75,000 excluding interest and costs.

5.    Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, organized under the laws of the State of Texas with its principal place of business in Fort Worth, Texas. Thus, Plaintiff is a citizen of the State of Texas.

6.    NAC was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign corporation organized under the laws of New Hampshire, with its principal place of business in Kansas City, Missouri. Thus, NAC is a citizen of Missouri and New Hampshire for purposes of diversity jurisdiction.

7.    Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and NAC.

### V.    AMOUNT IN CONTROVERSY

8.    If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount,

NAC's burden is satisfied.[2]

9.      When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of" the claims in the state court petition as they existed at the time of removal."[3]

10.      The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[4] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[5]

11.      Plaintiff seeks monetary relief of over $1,000,000.[6]

12.      Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.      COMPLIANCE WITH 28 U.S.C. § 1446

13.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 96th District Court of Tarrant County, Texas.

---

[2]    *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[3]    *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4]    *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5]    *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[6]    *See Plaintiff's Original Petition, attached as **Exhibit C**.*

14.    All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

15.    In compliance with Local Rule 81, the following documents are attached:

A.    Index of Matters Being Filed with Notice of Removal—identified as Exhibit A;

B.    an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable)—identified as Exhibit B;

C.    Plaintiff's Original Petition filed in the 96th District Court of Tarrant County—identified as Exhibit C;

D.    a copy of the docket sheet in the state court action—identified as Exhibit D; and

E.    each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date)—identified as Exhibit E.

## VII.    JURY DEMAND

Plaintiff demanded a jury trial in its Original Petition.

## VIII.    CONCLUSION

WHEREFORE, Defendant North American Capacity Insurance Company requests that this action be removed from the 96th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,


By: */s/ Kristin C. Cummings*
    Kerry K. Brown
    Texas Bar No. 03149880
    kbrown@zelle.com
    Kristin C. Cummings
    Texas Bar No. 24049828
    kcummings@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    (214) 742-3000
Facsimile:    (214) 760-8994

**ATTORNEYS FOR DEFENDANT NORTH AMERICAN CAPACITY INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Notice of Removal has been served this 11th day of February, 2019, by electronic filing as follows:

Marshall M. Searcy, Jr.
Kelly Hart & Hallman LLP
201 Main Street
Suite 2500
Fort Worth, Texas 76102

**ATTORNEY FOR PLAINTIFF**


    */s/ Kristin C. Cummings*
    Kristin C. Cummings